UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER JETHROE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00123-TWP-TAB |
| | ) |
| IDOC, | ) |
| HTCF, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

**I.    Screening Standard**

This action was opened on September 14, 2018, when the plaintiff filed a complaint in the Northern District of Indiana. A judge in the Northern District screened the complaint and directed plaintiff to file an amended complaint. The plaintiff filed an amended complaint on December 14, 2018. On January 14, 2019, the action was transferred to this Court in the Southern District of Indiana. Dkt. 11.

The amended complaint is also subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*.

In the amended complaint, the plaintiff alleges that his rights were violated by HTCF and the Indiana Department of Correction (IDOC).[1] He alleges that he had an original release date of

---

[1] Although the plaintiff does not identify HTCF, the Court understand it to be a reference to Heritage Trails Correctional Facility.

December 22, 2018, and filed a motion for sentence modification in 2017. While his motion for sentence modification was being considered by the court (the plaintiff does not identify which court he filed his motion for sentence modification in), he received bogus write-ups that were later dismissed. The plaintiff alleges the bogus write-ups were filed against him because he filed a petition for habeas corpus. This, the plaintiff alleges, is a due process violation.

The plaintiff also alleges that the HTCF contacted the court and had his motion for sentence modification stopped based on the bogus conduct reports. Had he prevailed on his sentence modification, the plaintiff alleges he would have been released in 2017, but he has been held beyond his out date based on lies by the HTCF. The plaintiff alleges that this conduct was a violation of the Eighth Amendment and the bogus write-ups were filed in retaliation. As relief, the plaintiff seeks "all financial relief, as granted by federal law." Dkt. 8.

## II. Insufficient Claims

The plaintiff named as defendants the IDOC and HTCF. First, any claim against the IDOC for damages must be dismissed. The amended complaint has not named any "person" who is allegedly responsible for violating the plaintiff's rights. The claims against the IDOC are dismissed because such claims for damages are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). An agency of the state enjoys that same immunity. *Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016).

The claims against HTCF are dismissed because this facility is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. A defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

### III. Dismissal of Action

Because the Court has been unable to identify a claim for relief against any particular defendant, the amended complaint is dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b). "[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). That is the case here. The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiffs shall have **through February 25, 2019,** in which **to file a second amended complaint.**

In filing a second amended complaint, the plaintiff shall conform to the following guidelines: (a) the second amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . .," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); (b) the second amended complaint must include a demand for the relief sought; and (c) the second amended complaint must identify what legal injury the plaintiff claims to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Any second amended complaint should have the proper case number, 1:19-cv-0123-TWP-TAB and the words "Second Amended Complaint" on the first page. If a second amended

complaint is filed as directed above, it will be screened. If no second amended complaint is filed, this action will be dismissed for the reasons set forth above.

## IV. Change of Address

The *pro se* plaintiff shall report any change of address within seven (7) days of any change. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED**.

Date: 1/23/2019

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER JETHROE
498207 B76
Duvall Residential Center
1848 Ludlow Ave
Indianapolis, IN 46201